IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KEVIN C. MALLARD                                                                                PLAINTIFF

V.                                            NO. 10-2173

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kevin C. Mallard, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on November 9, 2007, alleging an inability to work since October 30, 2007, due to manic depression, "bi-polar," PTSD (posttraumatic stress disorder), anxiety, alcoholism and short bowel syndrome. (Tr. 127, 132). An administrative hearing was held on October 23, 2008, at which Plaintiff chose to appear without counsel and testified. (Tr. 12-45).

By written decision dated August 3, 2009, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - short bowel syndrome, a mood disorder, and anxiety disorder. (Tr. 55). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix 1, Subpart P, Regulation No. 4. (Tr. 55). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work ...in that the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. He can sit for about six hours during an eight-hour workday and can stand and walk for about six hours during an eight-hour workday. He can perform unskilled work and can have occasional contact with co-workers and the general public.

(Tr. 57). With the help of a vocational expert (VE), the ALJ found that Plaintiff was capable of performing his past relevant work as a food service worker, which is classified as light exertional level, unskilled work. (Tr. 62).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 23, 2010. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

**II.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.

AO72A
(Rev. 8/82)

3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national

economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III. Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The record in this case is replete with instances of Plaintiff's complaints of severe abdominal pain and diarrhea subsequent to his bowel resection, which was performed in October of 2007. On January 14, 2008, Dr. Michael T. Pilcher, one of the physicians at the VA Hospital in Little Rock, Arkansas, wrote a letter "To Whom It May Concern," wherein he stated that Plaintiff was "permanently disabled from extensive abdominal surgery, chronic abdominal pain

-4-

on pain medicines and short bowel syndrome. He is in need of supportive services including supportive housing." (Tr. 351). In addition, at the hearing held on October 23, 2008, Plaintiff testified that he went to the bathroom anywhere between 10 to 20 times within a 24-hour period. (Tr. 29). In his decision, the ALJ stated that he considered Dr. Pilcher's opinion, and that it was not clear that Dr. Pilcher was familiar with the definition of "disability" contained in the Social Security Act and regulations. The ALJ further stated that it was "more likely that the doctor was referring solely to the VA's rules regarding disability. Therefore, the undersigned must discount this opinion." (Tr. 59).

The Court recognizes that a determination by an entity other than the Social Security Administration that a claimant is disabled is not binding on the Social Security Administration. See 20 C.F.R. § § 404.1504, 416.904; Fisher v. Shalala, 41 F.3d 1261, 1262 (8th Cir. 1994). Nevertheless, the Court believes the ALJ should have sought clarification from Dr. Pilcher regarding the basis for his conclusion. The ALJ had the benefit of a one-time General Physical Examination, performed by Dr. Michael Westbrook on December 17, 2008, (Tr. 559-567), who also completed a Medical Source Statement of Ability to do Work-related activities (Physical), wherein Dr. Westbrook opined that Plaintiff could perform medium work with some limitations. However, there is no indication he considered Plaintiff's frequent need to use the restroom when he completed the assessment. The Court believes the ALJ should have obtained a physical RFC assessment from a treating physician at the VA, most notably Dr. Pilcher, who believed Plaintiff to be disabled because of the bowel resection.

In addition, the Court believes the ALJ failed to properly consider the side effects of the medications Plaintiff was taking during the relevant time period when assessing the Plaintiff's

-5-

RFC. At the hearing, Plaintiff stated that without taking his medication, his pain in the abdominal region was a seven, but when he took his medication, it lowered his pain to "almost nothing because it usually puts me down, knocks me out." (Tr. 31). He further explained that when he was taking the pain medications and his psychotic medications, "I go into a sleep state." (Tr. 31). He added, "And then, it still hurts but, you know, maybe a one, scale of one, two, three, somewhere like that. It really, it really helps reduce the pain considerably but I'm-like I said, I'm pretty much nonfunctioning at that point." (Tr. 31). With respect to Plaintiff's low back pain, he testified that without medication, the pain was about a five, but with medication, it lowered it to almost nothing "because it pretty much knocks me out." (Tr. 32).

The Court is of the opinion that the ALJ's RFC assessment does not adequately address the affect Plaintiff's medications have on his ability to function in the workplace, and therefore believes the ALJ should re-evaluate the RFC assessment in light of the side effects of Plaintiff's medications.

Based upon the foregoing, the Court believes this matter should be remanded in order for the ALJ to obtain a physical RFC assessment from a treating physician at the VA, and to also carefully and adequately address the side effects of Plaintiff's medications on his ability to function in the workplace. The ALJ should then re-evaluate Plaintiff's RFC in light of the newly obtained evidence.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of

42 U.S.C. § 405(g).

DATED this 24th day of January, 2012.

                */s/ Erin L. Setser*
              HONORABLE ERIN L. SETSER
              UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)