IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KEVIN C. MALLARD                                                           PLAINTIFF

V.                                          NO. 10-2173

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration          DEFENDANT

**O R D E R**

Plaintiff, Kevin C. Mallard, appealed the Commissioner's denial of benefits to this Court.

On January 23, 2012, a Judgment was entered remanding this matter to the Commissioner

pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 14).  Plaintiff now moves for an award

of $3,037.50 in attorney's fees and paralegal's fees, under 28 U.S.C. § 2412, the Equal Access

to Justice Act (hereinafter ("EAJA"), requesting compensation for 16.50 hours of work

performed before the Court in 2010, 2011, and 2012, and 6.30 hours of paralegal work

performed before the Court in 2010, 2011, and 2012, at an hourly rate of $165.00 for the

attorney, and $50.00 for the paralegal.  (Doc. 16).

Defendant has filed a response, stating that he does not oppose the requested hourly rate

or the total hours requested by the attorney, but does object to the amount of paralegal hours

claimed.  (Doc. 17).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified.  The burden is on the Commissioner to show substantial justification for

the government's denial of benefits.  Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986).

-1-

Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit.  Pierce v. Underwood, 487 U.S. 552, 573 (1988).  The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner.  Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009);  see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of

the work." Id.  Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $165.00 for work in 2010, 2011, and 2012, for the 16.50 attorney hours which he asserts were devoted to the representation of Plaintiff in this Court.  The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437.  Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).  In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI).  In this case, although Plaintiff's counsel failed to attach a copy of the CPI in support of his requested hourly rate, the Court notes that Amended General Order No. 39 provides that the CPI - South index for December of the preceding year shall constitute the maximum hourly rate of EAJA fees which may be awarded for the following year.  The Court finds that an award based upon an hourly rate of $165.00, reflecting an increase in the cost of living, is appropriate in this instance.  See Johnson, 919 F.2d at 505.

The Court next addresses the number of hours Plaintiff's counsel claims he spent working on this case.

Plaintiff's counsel seeks 1.00 hour of paralegal time for "Paralegal preparation of Affidavit of Financial Status, Plaintiff's Motion to Proceed *in forma pauperis,* Summonses and

Cover Sheet;" .50 hours of paralegal time for "Paralegal preparation of letter to clerk for filing

of Complaint and other documentation;" .30 hours for "Paralegal ECF filing of same with federal

court;" .40 paralegal hours for "Paralegal prepare Affidavit of Service for U.S. Attorney and ECF

file same with federal court;" .30 paralegal hours for "Paralegal prepare Affidavit of Service for

SSA Commissioner and ECF file same with federal court;" .40 paralegal hours for "Paralegal

prepare Affidavit of Service for U.S. Attorney General and ECF file same with federal court;"

and .40 paralegal hours for "Paralegal ECF filing of EAJA documentation." This time is clerical

in nature and cannot be compensated under the EAJA.  Granville House, Inc. v. Department of

HEW, 813 F.2d 881, 884 (8th Cir. 1987)(work which could have been completed by support staff

is not compensable under the EAJA).  Accordingly, 3.30 hours of paralegal time should be

deducted.

Plaintiff's counsel also seeks 2 hours of paralegal time for "Paralegal preparation of

'Exhibit A,' Itemization of Services Rendered,'Exhibit B,' Calculation of Attorney Fee Amount;

and 'Exhibit D,' Affidavit of Counsel for The Plaintiff."  This is sought in addition to his request

of 1 hour of attorney time for "Attorney preparation of Plaintiff's Motion and Brief for Award

of Attorney Fees pursuant to the Equal Access to Justice Act (EAJA)."  The Court finds that it

should have taken the attorney and paralegal no more than 2 hours total to prepare this routine

material, and therefore, the Court will deduct 1 hour of paralegal time.

In his response, Defendant asks the Court to designate Plaintiff as payee of the EAJA

award, and not Plaintiff's counsel.  Based upon the holding in Astrue v. Ratliff, 130 S.Ct. 2521

(2010), the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court finds that Plaintiff's counsel should be awarded an

attorney's fee under the EAJA for: 16.50 attorney hours at an hourly rate of $165.00 for work performed in 2010, 2011, and 2012; 2 paralegal hours (6.3 hours less 4.3 hours) at an hourly rate of $75.00 for work performed in 2010, 2011, and 2012; for a total attorney's fee award of $2,872.50.  This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this 17th day of August, 2012.


/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-5-